Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone:     (212)873-0250
Facsimile:     (646)395-1585
*Attorneys for Plaintiff*
*Off-White LLC*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   10/20/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AAPE18,  AAPEE01,  ADONIS11,  AMANDA22, ANNAWU163,  APPIE30031,  ASDLUNA, BALABALA0,  BANANA3003,  BANANA30035, BANANA30038,  BAOQIN111,  BAOQIN333, BAOQIN888, BAOQIN999, BAPE135, BARAKU, BARBEE,  BESTCHEAP_SHOES,  BORAKU, BRAND_666,  BRANDCLOTHINGSELLER, CHAOJIHAOMAIJIA,  CHERRY616,  CHOUES, CNGARMENT, COCKAGAXNQGER, CONVERSE_, CORE3003, CXF8305, CXZ208, DESIGNERSHOP1, | **20-cv-1731 (GHW)**<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

DESIGNERSHOP1111, DESIGNERSHOP2004, DGG_01, DGG_02, DGG_03, DSG525, DSQ257, DUNHUANGWANG518, EEE004, EEE005, ET002, ET008, FASHION_CLOTHING123, FASHIONMARK0, FENDII003, FENGFENGYUYU168, FFF885, FZM123456, GABANA, GK007, HAHAPOINT, HAOSHENGYIDIANPU, HITALK520, HONGHONG1, HZ988, HZZM889, JIA005, JIA006, JLK006, JIK007, JINBAOSHANGCHANG88, JINYINGUAN123, JINYINGUAN666, JINYINGUAN966, JINYINGUAN999, JIUYUNDANGTOU, JORDANJAMES, JUICERUN, KENGQIANGMEIGUI88, KING_RUNINGSHOES, KK20180, KT003, KT006, LEMONNN, LIBO06, LIBO07, LIC001, LII004, LII005, LIK006, LLK002, LIK008, LINJUN04, LINYIMIN0813, LIYONG666, LONGWAY001, LOUISVUITTON02, LUCKYSELLERS2, LUNGFISHCANDICE, LUXURYBRAND1, MANBUYUNDUANA996, MATTIA, MEET0001, MEMORIES7, MG002, MG003, MILE123, MILK956, MONCLER01, MONSTER777, MORE_ORDER, NANMING003, NANMING005, NEWFASHIONSELLER06, NEWMAN188, NIKETIDEBRAND, NORTH_STONE, NORTH_STONE10, NORTH_STONE13, OFF_1, OFF_2, OFF_3, OFFMINGHAI, PALACE_01, PJS005, PRETTYSILENCE, QIANWAN01, QIANWAN345, QIANWAN456, QIANWAN567, QIUYESASA558, SATURDAY_STORE, SHEN188, SPORT_ONLINE_SHOP, SUMMERTANTAN, SUPERCOMMANDOZ, SUPREME_SELLER3, THESCORPIO, TREND123, VARITYSTORE123, WANNERGARMENT, WANQING001, XIYANGYANG2020, YEEZY350BOOT01, YIGEYI2020, YIJIAFUCHAOSHI886, YITOP, ZHENMINGTIANDI and ZUNXIANG999,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Off-White** | Off-White LLC | N/A |
| **Defendants or Defaulting Defendants** | Aape18, Aapee01, adonis11, Amanda22, annawu163, Appie30031, Asdluna, Balabala0, Banana3003, Banana30035, Banana30038, Baoqin111, baoqin333, Baoqin888, Baoqin999, bape135, Baraku, barbee, Bestcheap_shoes, boraku, Brand_666, brandclothingseller, chaojihaomaijia, Cherry616, choues, Cngarment, Cockagaxnqger, Converse_, Core3003, Cxf8305, Cxz208, Designershop1, Designershop1111, Designershop2004, dgg_01, Dgg_02, Dgg_03, Dsg525, dsq257, Dunhuangwang518, Eee004, Eee005, Et002, Et008, Fashion_clothing123, Fashionmark0, Fendii003, fengfengyuyu168, Fff885, Fzm123456, Gabana, Gk007, Hahapoint, Haoshengyidianpu, Hitalk520, Honghong1, Hz988, Hzzm889, Jia005, Jia006, jlk006, JIk007, jinbaoshangchang88, Jinyinguan123, jinyinguan666, jinyinguan966, jinyinguan999, Jiuyundangtou, Jordanjames, Juicerun, Kengqiangmeigui88, King_runingshoes, Kk20180, Kt003, Kt006, Lemonnn, Libo06, Libo07, LIc001, LII004, LII005, LIk006, Llk002, LIk008, linjun04, linyimin0813, Liyong666, Longway001, Louisvuitton02, luckysellers2, Lungfishcandice, luxurybrand1, manbuyunduana996, mattia, Meet0001, Memories7, Mg002, Mg003, Mile123, Milk956, Moncler01, Monster777, more_order, Nanming003, Nanming005, Newfashionseller06, newman188, Niketidebrand, North_stone, north_stone10, north_stone13, Off_1, Off_2, Off_3, Offminghai, Palace_01, Pjs005, Prettysilence, qianwan01, Qianwan345, qianwan456, Qianwan567, qiuyesasa558, Saturday_store, Shen188, Sport_online_shop, Summertantan, supercommandoz, Supreme_seller3, Thescorpio, Trend123, Varitystore123, Wannergarment, wanqing001, xiyangyang2020, Yeezy350boot01, Yigeyi2020, yijiafuchaoshi886, Yitop, zhenmingtiandi and zunxiang999 | N/A |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party | N/A |

| | | |
|---|---|---|
| | merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | |
| **Sealing Order** | Order to Seal File entered on February 27, 2020 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on February 27, 2020 | Dkt. 24 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 27, 2020 | Dkts. 22, 28-31 |
| **Abloh Dec.** | Declaration of Virgil Abloh in Support of Plaintiff's Application | Dkt. 29 |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | Dkt. 30 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 4, 2020 | Dkt. 6 |
| **PI Show Cause Hearing** | May 18, 2020 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | May 19, 2020 Preliminary Injunction Order | Dkt. 5 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, | N/A |

| | | |
|---|---|---|
| | agents, servants and all persons in active concert or participation with any of them | |
| **Off-White Products** | A high-end line of men's and women's apparel, as well as shoes, accessories, jewelry, and other ready-made goods, marketed under the Off-White Brand (defined *infra*) | N/A |
| **Off-White Brand** | The trademarks, Off-White™ and Off- White c/o Virgil Abloh™, used to market the Off-White Products | N/A |
| **Off-White Registrations** | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012, 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25, 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9, 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25, 5, 710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14, 5,150,712 for  for a variety of goods in Class 18 and 25, 5, 710,288 for  for a variety of goods in Class 14, 5,307,806 for  for a variety of goods in Class 18 and 25, 5,835,552 for  for a variety of goods in Class 9, 5,387,983 for  for a variety of goods in Class 25, 5,445,222 for  for a variety of goods in Class 25, 5,800414 for  for a variety of goods in Class 9 and 25, 5,681,805 for  for a variety of goods in Class 9 and 5,663,133 for  for a variety of goods in Class 25 | N/A |

| | | |
|---|---|---|
| **Off-White Applications** | U.S. Trademark Serial Application Nos.: 88/080,002 for , for a variety of goods in Class 25 and 88/041,456 for , for a variety of goods in Class 18 and Class 25 | N/A |
| **Off-White Marks** | The marks covered by the Off-White Registrations and the Off-White Applications | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any and all banks, financial institutions, credit card companies and payment processing agencies, such as DHgate (*e.g.*, DHpay.com), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by DHgate, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on August 13, 2020 | TBD |

| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Off-White Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

## II.    Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded $50,000.000 in statutory damages ("Individual Damages Award") against each and every Defaulting

1

Defendant (a total of One Hundred Forty-One (141) Defaulting Defendants) pursuant to 15 U.S.C. § 1117(c) of the Lanham Act for a total of Seven Million Fifty Thousand Dollars ($7,050,000.00), plus post-judgment interest.

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

B. infringing in any manner Plaintiff's Off-White Marks;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

D. using Plaintiff's Off-White Marks, or any other marks that are confusingly similar to the Off-White Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff; and

F.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i.  Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii.  Defaulting Defendants' Assets; and

    iii.  the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Off-White Marks or bear any marks that are confusingly similar to the Off-White Marks pursuant to 15 U.S.C. § 1118;

3

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are enjoined and restrained from taking any of the following actions prior to November 15, 2020:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts; or

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts.

## IV.   Order Authorizing Continued Alternative Service by Electronic Means

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

## V.   Temporary Continuance of Asset Restraint

1) In accordance with Rule 69 of the Federal Rules of Civil Procedure and Section 5222 of New York State's Civil Practice Law and Rules ("CPLR"), and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief, the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

4

## VI.    Miscellaneous Relief

2)  Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

3)  Any failure by Defaulting Defendants to comply with the terms of this Order may be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

4)  The Court releases the Twenty Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

5)  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

## VII.    CONCLUSION

The Clerk of Court is directed to enter judgment in favor of Plaintiff, terminate all pending motions, adjourn all remaining deadlines, and to close this case.


**SO ORDERED.**

SIGNED this __19th__ day of ____October____, 2020, at __9:50__ p.m.


_____

HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE


5